# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510            Telephone: (212) 317-1200
New York, New York 10165            Facsimile: (212) 317-1620

June 16, 2020

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/18/2020**

**VIA ECF**

Honorable Barbara Moses, U.S.M.J.
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 740
New York, NY 10007

       Re:     Jaime Vargas Espino et al. v. 525 Grand Street, LLC, et al.
                1:19-cv-335 (JGK) (BCM)

**MEMO ENDORSED**

Your Honor:

     My firm and I represent Plaintiff Jaime Vargas Espino ("Plaintiff") in the above-referenced matter. I write to request an adjournment of the settlement conference scheduled for June 22. The Court twice previously adjourned the settlement conference, initially scheduled for April 13, to May 11, and later from May 11 to June 22.

     Counsel ("Defense counsel[1]") for Defendant Alphonse Dipilato (Defendant Dipilato) represented to me in early April that Defendant Dipilato intended to raise inability to pay as an issue at the then-impending conference. The parties requested, and the Court granted, the adjournment of the conference from the previously scheduled dates in April and May on the basis of Defense counsel's professed inability to procure in timely fashion documentation corroborating Defendant Dipilato's claim of inability to pay. I contacted Defendant's counsel last week to remind him of Defendant Dipilato's obligation to produce said corroborating documents a week in advance of the scheduled June 22 conference. Thereupon, Defense counsel notified me that Defendant Dipilato was intent on filing for bankruptcy and had retained a bankruptcy attorney for that purpose. I contacted the named bankruptcy attorney, and the bankruptcy attorney's staff corroborated that Defendant Dipilato had retained their firm and that they were working on his prospective filing.

     Given Mr. Dipilato's current intention of filing for bankruptcy, it is clear that holding a settlement conference next week would be an exercise in futility. I respectfully request that the Court adjourn the conference. Further, I intend to ask Judge Koeltl to terminate the referral to Your Honor for settlement purposes given the unlikelihood at this time of efforts at settlement yielding any fruit.

     On behalf of Plaintiff, I thank the Court for its attention to this matter.

---

[1] For ease of reading, Mr. Herman is so-denoted despite representing only Defendant Dipilato. No implication that Mr. Herman or his firm represent the remaining Defendants is implied.

*Certified as a minority-owned business in the State of New York*

June 16, 2020
Barbara Moses, U.S.M.J.
Page 2

                                    Respectfully Submitted,

                                    /s/ Jordan Gottheim
                                    Jordan Gottheim, Esq.
                                    MICHAEL FAILLACE & ASSOCIATES, P.C.
                                    *Attorneys for Plaintiff*

Cc: Mark Herman, Esq. (via ECF and email)

---

Application GRANTED IN PART. In light of the parties' failure to comply with their pre-settlement conference requirements (*see* Dkt. No. 35) and plaintiffs' representation that defendant Alphonse Dipilato's counsel informed him that defendant Dipilato intends to file for bankruptcy, the settlement conference currently scheduled for June 22, 2020 at 2:15 p.m. is hereby ADJOURNED to **July 27, 2020 at 2:15 p.m.** The dial-in information remains the same. (*See* Dkt. No. 35.) If defendant Dipilato has not filed for bankruptcy by **July 20, 2020**, all parties must comply with their pre-settlement conference obligations by that same date, including that (1) the parties conduct at least one good-faith settlement discussion, by telephone, and that each party convey to each opposing party at least one good-faith settlement demand or offer; (2) any defendant that intends to assert an inability to pay what might otherwise be considered a reasonable settlement amount produce documents to plaintiffs' counsel sufficient to evidence their financial status, (3) each party submit a confidential settlement letter to chambers by email, containing the updated status of the parties' settlement negotiations to date, as well as any other new pertinent information likely to be helpful to the settlement process, and (4) each party submit the Acknowledgment Form attached to the Court's Scheduling Order to chambers by email, and serve in on all other parties, identifying the individuals who will attend the settlement conference. (*See* Dkt. Nos. 30, 35.) No further adjournments will be granted absent compelling circumstances. SO ORDERED.

_____
Barbara Moses, U.S.M.J.
June 18, 2020